UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ASHLEY TOWNSEND,                                    Case No. 15 CV 5457

                    Plaintiff,              (JBW) (RML)

       -against-                                 **AMENDED COMPLAINT**

THE CITY OF NEW YORK, SERGEANT                      JURY DEMAND
FRANCISCO DELOSSANTOS [SHIELD
# 9057], DETECTIVE MATTHEW L.
MASSA [SHIELD # 2058], SERGEANT
MICHAEL WEBER [TAX REG. # 929343],
P.O. AJUBA GRANVILLE [TAX REG. #
930261], DETECTIVE ARMANDO SAITTA
[SHIELD # 4064], SERGEANT RYAN GILLIS
[TAX REG. # 944595], CAPTAIN ESPINOZA
[TAX REG. # 925246], P.O. MCCARTHY,
DETECTIVE PERCY, DETECTIVE
MOLINARO, DETECTIVE CRUZ,
DETECTIVE PARAY, DETECTIVE
GRANDSTAFF, DETECTIVE CAMPBELL,
DETECTIVE COLLADO, DETECTIVE
HOLLEY, P.O. TOPPING, SERGEANT
MORRISEY, DETECTIVE LOPEZ and JOHN
DOE AND JANE DOE #1-14 (the names John
and Jane Doe being fictitious, as the true names
are presently unknown),
                    Defendants.
-------------------------------------------------------------X

Plaintiff, ASHLEY TOWNSEND, by her attorney, The Law Offices of UGO UZOH,

P.C., complaining of the defendants herein, The City of New York, Sergeant Francisco

Delossantos [Shield # 9057], Detective Matthew L. Massa [Shield # 2058], Sergeant

Michael Weber [Tax Reg. # 929343], P.O. Ajuba Granville [Tax Reg. # 930261],

Detective Armando Saitta [Shield # 4064], Sergeant Ryan Gillis [Tax Reg. # 944595],

Captain Espinoza [Tax Reg. # 925246], P.O. McCarthy, Detective Percy, Detective

Molinaro, Detective Cruz, Detective Paray, Detective Grandstaff, Detective Campbell,

Detective Collado, Detective Holley, P.O. Topping, Sergeant Morrisey, Detective Lopez

and John Doe and Jane Doe #1-14 (collectively, "defendants"), respectfully alleges as

follows:

1.	This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.	The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

3.	As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4.	Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5.	Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.	The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.	Defendant Sergeant Francisco Delossantos [Shield # 9057] was at all times material herein a police officer employed by the NYPD.

8.	Defendant Detective Matthew L. Massa [Shield # 2058] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

9.	Defendant Sergeant Michael Weber [Tax Reg. # 929343] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

2

10.      Defendant P.O. Ajuba Granville [Tax Reg. # 930261] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11.      Defendant Detective Armando Saitta [Shield # 4064] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

12.      Defendant Sergeant Ryan Gillis [Tax Reg. # 944595] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

13.      Defendant Captain Espinoza [Tax Reg. # 925246] was at all times material herein a captain employed by the NYPD. S/he is named here in his/her official and individual capacities.

14.      Defendant P.O. McCarthy was at all times material herein a police officer employed by the NYPD. S/he is named here in his/her official and individual capacities.

15.      Defendant Detective Percy was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

16.      Defendant Detective Molinaro was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

17.      Defendant Detective Cruz was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

18.      Defendant Detective Paray was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

19.      Defendant Detective Grandstaff was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

3

20.     Defendant Detective Campbell was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

21.     Defendant Detective Collado was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

22.     Defendant Detective Holley was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

23.     Defendant P.O. Topping was at all times material herein a police officer employed by the NYPD. S/he is named here in his/her official and individual capacities.

24.     Defendant Sergeant Morrisey was at all times material herein a sergeant employed by the NYPD. S/he is named here in his/her official and individual capacities.

25.     Defendant Detective Lopez was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

26.     Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

27.     Defendants Delossantos and John Doe and Jane Doe are collectively referred to herein as "Delossantos defendants".

28.     Defendants Massa, Weber, Granville and John Doe and Jane Doe are collectively referred to herein as "Massa defendants".

29.     Defendants Saitta, Gillis, Espinoza, McCarthy, Percy, Molinaro, Cruz, Paray, Grandstaff, Campbell, Collado, Holley, Topping, Morrisey, Lopez and John Doe and Jane Doe are collectively referred to herein as "Saitta defendants".

30.     Delossantos, Massa and Saitta defendants are collectively referred to herein as "defendant officers".

31.     At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The September 19, 2012, Incident

32.     On or about September 19, 2012, at approximately 12:00 p.m., Delossantos defendants, acting in concert, arrested the plaintiff without cause at or near the corner of Ralph Avenue and Quincy Street, Brooklyn, New York, and charged plaintiff with PL 140.25 'Burglary in the second degree', among other charges.

33.     Plaintiff, however, did not knowingly enter or remain unlawfully in any building and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

34.     Prior to the arrest, plaintiff and her older sister, Shaderra Townsend, along with their cousin, Cierra Slater, had accompanied their friends, Nashawn Moore and Allah McCall, to Mr. Moore's home which is located at 838 Quincy Street, Brooklyn, New York.

35.     Shortly after departing from Mr. Moore's home, plaintiff was bum-rushed by Delossantos defendants with their weapons drawn.

36.     Delossantos defendants immediately arrested the plaintiff and tightly handcuffed the plaintiff with her hands placed behind her back.

37.     Delossantos defendants then subjected the plaintiff to an illegal and warrantless search with Delossantos defendants pushing, shoving, kicking and grabbing the plaintiff.

38.     Delossantos defendants' illegal and warrantless search of the plaintiff did not yield any contraband.

39.     Notwithstanding the above, Delossantos defendants forcibly pushed the plaintiff into their police vehicle and transported the plaintiff to the NYPD-81st Precinct.

40.     After detaining the plaintiff for a lengthy period of time at the precinct, plaintiff was transported to the Central Booking to await arraignment.

41.     While plaintiff was awaiting arraignment, Delossantos defendants met with prosecutors employed by the Kings County District Attorney's Office.

42.     During this meeting, Delossantos defendants falsely stated to the prosecutors, among other things, that the plaintiff knowingly entered or remained unlawfully in Mr. Moore's home.

43.     Based on the false testimony of Delossantos defendants, the prosecutors initiated criminal actions against the plaintiff.

44.     Upon arraignment, plaintiff was released on her own recognizance but was required to return to the criminal court to defend the false charges levied against her by Delossantos defendants.

45.     Eventually, on or about October 18, 2012, the false charges levied against plaintiff were summarily dismissed.


The May 9, 2014, Incident

46.     On or about May 9, 2014, at approximately 6:00 a.m., Massa defendants, acting in concert, arrested the plaintiff without cause at 505 Gates Avenue, Brooklyn, New York, and charged plaintiff with PL 265.03(1)(b) 'Criminal possession of a weapon in the second degree', among other charges.

47.     Plaintiff, however, was not in possession of any weapon and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

48.     Prior to the May 9, 2014 arrest, plaintiff was spending the night at her friend's house when Massa defendants forced their way into the premises and arrested everyone at the premises.

49.     Plaintiff who was naked at the time when Massa defendants forced their way into the bedroom where she slept was tightly handcuffed by male officers with her hands placed behind her back.

50.     Massa defendants did not allow the plaintiff to put on any clothes or cover herself in any way until approximately 15 minutes later when a female officer eventually appeared at the premises.

51.     Eventually, plaintiff was transported to the NYPD-79th Precinct where she was further detained.

52.     Plaintiff who is asthmatic suffered an asthma attack while in the custody of Massa defendants.

53.     Plaintiff requested to be transported to the hospital for medical care and attention.

54.     Massa defendants ignored plaintiff's entreaties for medical care and attention.

55.     After plaintiff's medical condition had deteriorated significantly, plaintiff was then transported to the hospital.

56.     After detaining the plaintiff for a lengthy period of time at the precinct, Massa defendants transported plaintiff to the Central Booking to await arraignment.

57.     While plaintiff was awaiting arraignment, Massa defendants met with prosecutors employed by the Kings County District Attorney's Office.

58.     During this meeting, Massa defendants falsely stated to the prosecutors, among other things, that the plaintiff was in possession of a weapon.

59.     Based on the false testimony of Massa defendants, a prosecution was commenced against plaintiff.

60.     Upon arraignment, plaintiff was released on her own recognizance but was required to return to the criminal court to defend the false charges levied against her by Massa defendants.

61.     Eventually, on or about June 12, 2014, the false charges levied against plaintiff were summarily dismissed.

The July 14, 2015, Incident

62.      On or about July 14, 2015, at approximately 6:00 a.m., Saitta defendants, acting in concert, arrested the plaintiff without cause at 505 Gates Avenue, Brooklyn, New York, and subsequently charged plaintiff with PL 221.05 'Unlawful possession of marihuana'.

63.      Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

64.      Prior to the July 14, 2015 arrest, plaintiff was spending the night at her friend's house when Saitta defendants forced their way into the premises and arrested each and every individual that was at the premises.

65.      Plaintiff who was naked at the time when Saitta defendants forced their way into the bedroom where she slept was tightly handcuffed by male officers with her hands placed behind her back.

66.      Saitta defendants did not allow the plaintiff to put on any clothes or cover herself in any way until approximately 15 minutes later when a female officer eventually appeared at the premises.

67.      Eventually, plaintiff was transported to the NYPD-81st Precinct where she was further detained.

68.      After detaining the plaintiff for a lengthy period of time at the precinct, Saitta defendants issued a summons to plaintiff requiring her to appear in the criminal court to defend the false charge(s) levied against her.

69.      On or about January 21, 2016, plaintiff was informed that the false charge(s) was adjourned in contemplation of dismissal.

70.      Each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

71.      Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

72.      As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

73.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74.      The conduct of defendant officers, as described herein, amounted to false arrest.

75.      Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

76.      Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

77.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78.      The conduct of defendant officers, as described herein, amounted to excessive use of force.

79.      Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

80.      Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

9

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

81. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 80 of this complaint as though fully set forth herein.

82. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

83. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

84. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

85. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

86. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 85 of this complaint as though fully set forth herein.

87. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

88. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

89. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against Delossantos and Massa defendants

90.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint as though fully set forth herein.

91.    Delossantos and Massa defendants manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

92.    The conduct of Delossantos and Massa defendants, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

93.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

94.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of Delossantos and Massa defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK - against defendant officers

95.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96.    The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk.

97.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

98.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SEVENTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against Massa</u>
<u>defendants</u>

99.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100.    Massa defendants denied plaintiff treatment needed to remedy her serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

101.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

102.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of Massa defendants, individually and severally.

<u>EIGHTH CAUSE OF ACTION: DISCRIMINATION, DENIAL OF EQUAL</u>
<u>PROTECTION OF THE LAWS AND DENIAL OF DUE PROCESS RIGHTS - against</u>
<u>defendant officers</u>

103.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 102 of this complaint as though fully set forth herein.

104.    The conduct of defendant officers, as described herein, amounted to discrimination, denial of equal protection of the laws and denial of due process rights.

105.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

106.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against Delossantos and Massa defendants

107.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 106 of this complaint as though fully set forth herein.

108.     The conduct of Delossantos and Massa defendants, as described herein, amounted to malicious prosecution.

109.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

110.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of Delossantos and Massa defendants, individually and severally.

TENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

111.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 110 of this complaint as though fully set forth herein.

112.     In an effort to find fault to use against the plaintiff, defendant officers met with several other individuals and agreed to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

113.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

114.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

ELEVENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

115.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 114 of this complaint as though fully set forth herein.

116.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

117.     Additionally, defendant City of New York, acting through Kenneth P. Thompson and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

118.     Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs, guns and/or other illicit activities.

14

119.   Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

120.   For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

121.   In *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 10 Civ. 0699, 2013 U.S. Dist. LEXIS 45601 (S.D.N.Y. March 28, 2013) (same).

122.   Additionally, NYPD Police Officer Michael Carsey was recently convicted of felonies for lying under oath and falsifying information while applying for a search warrant.

123.   Police Officer Carsey's supervisor, Sergeant William Eiseman, had earlier admitted to fabricating facts to justify searching vehicles and homes for cocaine, marijuana and guns, filing false information to obtain search warrants and performing illegal searches of vehicles and homes. That Sergeant Eiseman admitted to perjury and fabricating evidence against innocent persons that he falsely arrested and charged with possession of narcotics and/or illegal drugs, and also admitted to training numerous young police officers to commit similar crimes and/or offenses.

124.   In addition, in or about October 2011, Detective Stephen Anderson testified against Detective Jason Arbeeny, a veteran of the NYPD. That Detective Anderson testified that, among other things, it is a common practice within the NYPD to plant narcotics and/or illegal drugs -- commonly known within the NYPD as "flaking" -- on innocent persons in order to meet arrest quotas. Detective Anderson referred to the practice of planting narcotics and/or illegal drugs on innocent persons as "attaching bodies" to the narcotics

and/or illegal drugs. According to Detective Anderson, this practice "was something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators."

125.     Regarding the issue of arrest quotas, Detective Anderson confirmed that the NYPD requires officers to fill quotas, and testified that even as a detective "you still have a number [of arrests] to reach while you are in the narcotics division."

126.     Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

127.     Prior to his testimony, Detective Anderson and his partner provided false testimony in court claiming that they purchased cocaine from certain individuals who as surveillance video later confirmed did not have any sort of contact or communication with Detective Anderson and his partner during the time period that Detective Anderson and his partner claimed to have purchased the controlled substances and/or illegal drugs.

128.     Detective Arbeeny was subsequently convicted of planting controlled substances and/or illegal drugs on a woman and her boyfriend, and was convicted of the charges against him including official misconduct, offering a false instrument for filing and falsifying business records.

129.     Recently, the New York Supreme Court, County of Kings, Criminal Term, Gustin L. Reichbach, J., determined that the NYPD's drug unit has a system of flawed procedures that caused Detective Arbeeny's unlawful actions. Judge Reichbach further determined that the NYPD's drug unit has a widespread culture of corruption and has adopted a "cowboy culture" and practice which he described as "[a]nything goes in the never-ending war on drugs." That Judge Reichbach expressed shock at what he described as "the seeming pervasive scope of misconduct [and even worse] . . . the seeming casualness by which such conduct is employed."

130.    Further, in or about 2008, the New York Supreme Court, County of Kings, Criminal Term, Albert Tomei, J., determined at a Mapp hearing in *People v. Simms*, Indictment No. 11263/07, which was held on or about September 9, 2008, that the police officers involved in the arrest in that matter are "not credible" and that the police officers' "testimony is so obviously fabricated . . . to avoid any Constitutional objections the defendant may have . . . and that [any] property taken . . . is to be suppressed because it was the product of an unlawful arrest and search and seizure."

131.    In addition to the instances of police misconduct described above, several officers of the NYPD -- including but not limited to Detective Christopher Perino, Police Officer Michael Daragjati, Police Officer Henry Tavarez, Police Officer William Masso, Detective Oscar Sandino, Detective Sean Johnstone, Sergeant Michael Arenella, Sergeant Jerry Bowens, Police Officer Michael Pena, Police Officer Nicholas Mina, Detective Kevin Spellman and Police Officer Admir Kacamakovic -- have recently been convicted of various similar crimes as those described herein including but not limited to falsifying police reports, perjury, corruption, robbery, gun running, drug dealing, prostitution, theft and assault. Former NYPD Commissioner Bernard Kerik was also recently convicted of corruption and similar crimes as those described herein.

132.    In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-79th and NYPD-81st Precincts -- as defendant ooficers -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

133.    Most of the arrests and charges made by officers assigned to NYPD-79th and NYPD-81st Precincts are usually voided and/or dismissed by prosecutors for lack of evidence.

134.    Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to NYPD-79th and NYPD-81st Precincts concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Anthony Gibson v. City of New York* (14 CV 282); *Shamarlon*

135.    Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

136.    The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in her person and property, to be free from abuse of process, the excessive use of force and the right to due process.

137.    By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TWELFTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

138.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 137 of this complaint as though fully set forth herein.

139.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving her of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities

guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

140.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

141.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

142.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

THIRTEENTH CAUSE OF ACTION: TORTS - against defendants

143.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 142 of this complaint as though fully set forth herein.

144.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, unreasonable search and seizure, unreasonable detention, assault and battery, negligence, breach of special duty or relationship, defamation, tortuous interference, fraud, trespass, malicious prosecution, negligent and intentional infliction of emotional distress and negligent hiring and retention of employment services.

145.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.      For compensatory damages against all defendants in an amount to be proven at trial;

b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.      For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.      For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
        April 11, 2016

                            UGO UZOH, P.C.

                                /s/

                            _____

                    By:     Ugochukwu Uzoh (UU-9076)
                            Attorney for the Plaintiff
                            304 Livingston Street, Suite 2R
                            Brooklyn, N.Y. 11217
                            Tel. No: (718) 874-6045
                            Fax No: (718) 576-2685
                            Email: u.ugochukwu@yahoo.com